-----------------------------------------------------------------------------X

REGINALD BARNVILLE

                  Plaintiffs,

-against-

MIMOSA CAFE, LIDIVINA INFANTE, MANAGER,
ANTONIO LOPEZ - BOUNCER", THE CITY OF
NEW YORK, PO EDWIN FLOREZ, Badge No. 943244,
PO YOWELL ROSARIO, SGT. GERALD LONG
of the 34ᵗʰ PCT, ANTHONY HERNANDEZ,
ACCOUNT MANAGER, FOR WORKFORCE 1, and
VOCATIONAL INSTRUCTION PROJECT COMMUNITY
SERVICES, INC.,

                  Defendants.

-----------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

The plaintiff brings this action against defendants pursuant to the Constitution of the United States and of New York State, and the NYC Human Rights Law sections 8-502 and 8-603. Plaintiff also brings suit under the common law of the State of New York against MIMOSA CAFE, LIDIVINA INFANTE, MANAGER, ANTONIO LOPEZ - BOUNCER", THE CITY OF NEW YORK, PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT. GERALD LONG of the 34ᵗʰ PCT, ANTHONY HERNANDEZ, ACCOUNT MANAGER, FOR WORKFORCE 1, and VOCATIONAL INSTRUCTION PROJECT COMMUNITYSERVICES, INC., to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the the Laws and Constitution of the United States, NYC , the NYC Administrative Code and the NY State common law. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights.

It is alleged that the defendants assaulted and battered the person of plaintiff, falsely arrested him, imprisoned him, and. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK, in Violation of 42 USC section 1983. Costs and disbursements under 42 USC section 1988 are sought. Civil Penalties under NYC Administrative Code

section 8-603 are sought, and redress under the common law of the State of New York.

## JURISDICTION AND VENUE

1.     All of the actions, omissions, and events complained of took place within the County of NY, State of New York, and within the venue of this court.

2.     The amount in controversy exclusive of interests and costs exceeds the jurisdictional limits of all lower courts.

## STATE CAUSES OF ACTION - PROCEDURAL FACTS

3.     The allegations of paragraphs 1-2 are incorporated by reference herein as though fully set forth.

4.     Prior to 05/21/13, and within 90 days of the date of this incident, plaintiff caused a Notice of Claim in writing, sworn to and verified by the plaintiff, to be served upon THE CITY OF NEW YORK at the Office of the New York City Comptroller.

5.     At least thirty (30) days have elapsed prior to the commencement of this action since the claim was presented to said defendant THE CITY OF NEW YORK for adjustment as aforesaid and it has refused to adjust or make payment thereof for thirty (30) days after said presentation. (Ex. "A" hereto, notice of claim, Ex. "B", acknowledgment of receipt, Ex. "C", certificate of disposition - dismissal)

6.     This action was commenced within one year after the cause of action thereof occurred.

7.     This action is timely commenced pursuant to General Municipal Law, subsection 50-I(1). No 50-H hearing has been demanded despite the passage of 90 days from presentment of the claim.

8.     Defendant failed to demand a 50-H hearing in this matter within 90 days

of the service of the notice of claim and thus has waived a 50-H hearing under GML 50-h(2) which provides that no demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of filing of the notice of claim. Government Empls. Ins. Co. v Agostino 2010 NY Slip Op 50817(U) [27 Misc 3d 1220(A)] .

## PARTIES

9.     The plaintiff is a citizen of the United States and a resident of the County of Bronx, City and State of New York.

10.     Defendant MIMOSA, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York and having its principal place of business in the County of NY, City and State of New York.

11.     That upon information and belief and at all times hereinafter mentioned, the defendant MIMOSA. was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign state and having its principal place of business in the County of NY, City and State of New York.

12.  That upon information and belief and at all times hereinafter mentioned, the defendant MIMOSA. was and still is a limited partnership duly organized and existing under and by virtue of the laws of the state of New York and having its principal place of business in the County of NY, City and State of New York.

13.  That upon information and belief and at all times hereinafter mentioned, the defendant MIMOSA was and still is a partnership duly organized and existing under and by virtue of the laws of the state of New York and having its principal place of business in the County of NY, City and State of New York.

14.  That upon information and belief and at all times hereinafter mentioned, the defendant MIMOSA was and still is a sole proprietorship having its principal place of

business in the County of NY, City and State of New York

15.     Defendant MIMOSA is responsible for the hiring training, supervision, retention, control and discipline of it's managerial staff, including the individual defendant LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER.

16.     Defendant MIMOSA is and was the employer of the managerial staff, the individual defendants who detained plaintiff, to wit; LIDIVINA INFANTE, MANAGER and ANTONIO LOPEZ-BOUNCER(Hereinafter "the individual defendants").

17     Defendant MIMOSA is also responsible for the operation, practices, and totality of conditions of their club, located at 263 Sherman Ave., NY, NY

18.     Defendant MIMOSA is also responsible for the operation, practices, retention, hiring, supervision, training, control and discipline of the managerial staff, the individual defendants who were employed at the café aforesaid.

19.     Defendant MIMOSA is and was the employer of it's managerial staff, the individual defendant employed at the club, located at 263 Sherman Ave., NY, NY

20.     Defendant MIMOSA has a constitutional and statutory responsibility for the conditions at the club, located at 263 Sherman Ave., NY, NY and is responsible for ensuring that the operations of said business are in conformity with constitutional requisites.

21.     Defendant MIMOSA was responsible for ensuring that their managerial and security staff, the individual defendants, obeyed the regulations of MIMOSA the laws and the Constitution of the State of New York and the United States and the NYC Human Rights Law.

22.     The Individual defendants involved in causing the detention of plaintiff LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER were at all times herein mentioned acting in such capacity as the agent, servant and employee of MIMOSA .

23.     The Individual defendants involved in causing the detention of plaintiff

LIDIVINA INFANTE, MANAGER, ANTONIO LOPEZ-BOUNCER were at all times relevant to this complaint duly appointed by MIMOSA, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the USA, in the interests of MIMOSA, and acting as a peace officer.

24.    At all times relevant hereto defendants causing the detention of plaintiff LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER were acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done negligently and/or intentionally.

25.    Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY'") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

26.    At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

27.    Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

28.    Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

29.    Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

30.    Defendant THE CITY is and was the employer of the personnel named herein as individual defendant police officers.

31.    Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

32.     Defendant NYPD is responsible for the policies, practices and customs of NYPD.

33.     Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

34.     Defendant NYPD is and was the employer of the personnel named herein as individual defendant officers.

35.     Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

36.     THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

37.     THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

38.     THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

39.     Defendants, PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT , police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

40.     The defendant officers were at all times relevant to this complaint duly

- 6 -

appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

41. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

42. At all times hereinafter mentioned VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was and still is a not for profit corporation doing business as "WORKFORCE 1".

43. VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. is responsible for the hiring training, supervision, retention, control and discipline of it's WORKFORCE 1 staff, including the individual defendant ANTHONY HERNANDEZ, ACCOUNT MANAGER".

44. Defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was the employer of ANTHONY HERNANDEZ, WORKFORCE 1 ACCOUNT MANAGER.

45 Defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. is also responsible for the operation, practices, and totality of conditions of WORKFORCE 1 Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459

46. Defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. is also responsible for the operation, practices, retention, hiring, supervision, training, control and discipline of ANTHONY HERNANDEZ, WORKFORCE 1 ACCOUNT MANAGER at Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459

47. Defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. is and was the employer of ANTHONY HERNANDEZ, WORKFORCE

1 ACCOUNT MANAGER at Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459

48.  Defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. has a statutory and common law responsibility for the conditions at the WORKFORCE 1 Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459 and is responsible for ensuring that the operations of said business are in conformity with legal requisites.

49.  Defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was responsible for ensuring that ANTHONY HERNANDEZ, WORKFORCE 1 ACCOUNT MANAGER at Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459 obeyed the regulations and the laws and the Constitution of the State of New York and the United States and the NYC Human Rights Law and the common law of the State of New York.

50.  The Individual defendant ANTHONY HERNANDEZ, WORKFORCE 1 ACCOUNT MANAGER was in the scope of employment for VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. When scheduling plaintiff to work on the date of this incident and was at all times herein mentioned acting in such capacity as the agent, servant and employee of VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES,
INC.

## FACTS

51.  Prior to March 10, 2013, plaintiff sought employment in the security field through the Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459.

52.  Plaintiff was interviewed by ANTHONY HERNANDEZ, WORKFORCE 1 ACCOUNT MANAGER at Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459.

53. ANTHONY HERNANDEZ, WORKFORCE 1, ACCOUNT MANAGER assigned plaintiff to work for "Enrique Sanchez", an alleged business owner requiring security.

54. ANTHONY HERNANDEZ, WORKFORCE 1, ACCOUNT MANAGER assigned plaintiff to train with "Enrique Sanchez", an alleged business owner requiring security, on Friday, March 9, 2013, and on that evening plaintiff worked providing security to "Enrique Sanchez"

55. ANTHONY HERNANDEZ, WORKFORCE 1, ACCOUNT MANAGER assigned plaintiff to provide security to "Enrique Sanchez", an alleged business owner requiring security, on Saturday, March 10, 2013, and on that evening plaintiff worked providing security to "Enrique Sanchez", who allegedly was taking a client out at MIMOSA.

56. Plaintiff provided security, along with another individual thus assigned by ANTHONY HERNANDEZ, WORKFORCE 1, ACCOUNT MANAGER to provide security to "Enrique Sanchez", to wit: Daniel Coy, on Saturday, March 10, 2013, at MIMOSA, until about 4:00am.

57. "Enrique Sanchez" ran up a large tab that evening and left without paying the bill, advising plaintiff and Mr. Coy that he would be right back, leaving the premises, and he did not return.

58. Whereupon LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER at defendant MIMOSA's club, knowing that neither plaintiff nor Mr. Coy had eaten or consumed beverages at the club that night, and knowing that "Enrique Sanchez" in fact ran the tab, presented them with "Enrique Sanchez" bill, and advised them that they would not be leaving until it was paid.

59. Plaintiff advised them that he was employed by "Enrique Sanchez", through WORKFORCE 1, Hunt's Point Career Center, 1029 East 163rd St., Bronx, NY 10459, that he was a paid employee, and had no authority to, and no part in running up

a bill at the establishment, and plaintiff then called police to the scene.

60.     Upon arrival PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT. GERALD LONG Badge No. 943244, were advised by plaintiff that he had called them to the scene, and the above facts were narrated in detail to them. PO FLOREZ then advised plaintiff his captain would have to decide what to do, and when an unknown alleged captain arrived at the scene, he stated "Take them in"

61.     Claimant was falsely arrested, imprisoned, assaulted and battered, and subject to violation of 42 USC 1983 via false arrest.

62.     Plaintiff was lawfully present at the location when Defendants by their agents, servants and/or employees intentionally assaulted and battered the claimant herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimant herein committed any crime or offense.

63.     Plaintiff was detaining for 24 hours, processed, and went from the 34th Precinct to cental booking. He was held for over 24 hours.

64.     Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

65.     At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of himself or others. He had committed no criminal offenses.

66.     The defendant had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to seize the person of the plaintiff.

67.     All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY OF NEW YORK . It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United

-10-

States and the laws of New York State and the laws of the United States.

68. MIMOSA had a policy of not training their employees with respect to the proper use of legal process and allowing persons such as plaintiff herein to be assaulted and falsely arrested by virtue of their false criminal complaint .

69. If MIMOSA had a policy of training their employees with respect to the proper use of legal process to obtain payment, same was not enforced.

70. On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of MIMOSA which was known to them and/or ratified by MIMOSA, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

71. On information and belief, defendant MIMOSA had prior notice of the vicious propensities of their managerial and bouncer staff, the individual defendants, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train their staff, the individual defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

72. On information and belief MIMOSA authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

73. Upon information and belief, Plaintiff was not listed as or described as a suspect or target on any warrant or application for any warrant.

74. Defendants knew plaintiff had not committed any offense.

75. The officers had no probable cause to arrest the plaintiff for any crime.

76. The officers had no probable cause to arrest the plaintiff for theft of services.

77. At no time did the defendants possess information that would lead a

-11-

reasonable police officer to believe that probable cause existed to arrest plaintiff.

78.     Any complaining witness was simply not credible, the charges were dismissed at the DA's initiative, after several court dates.

79.     As a result of the foregoing plaintiff suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

80.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

81.     All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

82.     THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

83.     If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

84.     On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

85.     On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or

-12-

to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

86.     As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and

damages:          a. Violation of constitutional rights under the
                  Fourth and Fourteenth Amendments to the
                  United States Constitution to be free from an
                  unreasonable search and seizure to his
                  person:
                  b. Loss of physical liberty:
                  c. Physical pain and suffering and emotional
                  trauma and suffering.

87.     The actions of the defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

                  a. Freedom from unreasonable search and
                  seizure of his person.
                  b. Freedom from the use of excessive,
                  unreasonable and unjustified use of force
                  against his person.

## FEDERAL CAUSES OF ACTION

### COUNT I:

### 42 U.S.C. SECTION 1983 AGAINST
### THE CITY

88.     Paragraphs 1-87 are incorporated herein by reference as though fully set forth.

89.     Prior to February 22, 2013, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

90.     It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and

-13-

acts of misconduct were instead tolerated by THE CITY and the NYPD.

91.    It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

92.    As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

93.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

94.    Plaintiff  claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY and the NYPD for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT II: 42 U.S.C. SECTION 1983
## AGAINST INDIVIDUAL DEFENDANT POLICE OFFICERS

95.    Paragraphs 1 through 94 are incorporated herein by reference as though fully set forth.

96.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against the individual defendants PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, PO " JAMES DOE" of the 34th PCT . for violation of his constitutional rights under color of law, unconstitutional search, seizure, false arrest,

-14-

imprisonment, and malicious prosecution, in an amount exceeding the jurisdiction of all lower courts

## PENDENT STATE LAW CLAIMS

### COUNT III: ASSAULT AND BATTERY
### AGAINST INDIVIDUAL DEFENDANT POLICE OFFICERS

97.     The allegations of Paragraphs 1-96 are incorporated by reference herein as though fully set forth.

98.     The individual defendants, PO EDWIN FLOREZ, Badge No. 943244, PO "JOHN DOE", PO " JAMES DOE" of the 34th PCT were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and thereby assaulted and battered the plaintiff.

99.     The assault and battery aforesaid were without probable cause.

100.    As a result of the aforesaid assault and battery, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdiction of all lower courts.

### COUNT IV: FALSE ARREST AND IMPRISONMENT
### AGAINST INDIVIDUAL DEFENDANT POLICE OFFICERS

101.    The allegations of Paragraphs 1-100 are incorporated by reference herein as though fully set forth.

102.    PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG, of the 34th PCT who detaining and arrested plaintiff were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and

thereby confined the plaintiff without privilege.

103. The confinement aforesaid was without probable cause or privilege.

104. As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdiction of all lower courts.

## COUNT V. MALICIOUS PROSECUTION

105. The allegations of paragraphs 1-104 are incorporated by reference herein as though fully set forth.

106. On March 10, 2013, defendants filed false and legally insufficient criminal complaints against the plaintiff herein.

107. At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

108. Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiff herein.

109. As a result of the aforesaid malicious prosecution, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount in excess of the jurisdictional limits of all lower courts.

of

## COUNT VI: FALSE ARREST AND IMPRISONMENT
## AGAINST INDIVIDUAL DEFENDANT MANAGER AND BOUNCER OF MIMOSA

110. The allegations of Paragraphs 1-109 are incorporated by reference herein as though fully set forth.

111. LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER who falsely accused plaintiff and thus caused him to be illegally detaining and arrested,

-16-

were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and thereby confined the plaintiff without privilege.

112.    The confinement aforesaid was without probable cause or privilege.

113.    As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdiction of all lower courts.

## COUNT VII: ABUSE OF PROCESS AGAINST INDIVIDUAL DEFENDANT MANAGER AND BOUNCER OF MIMOSA

114.    The allegations of Paragraphs 1-113 are incorporated by reference herein as though fully set forth.

115.    LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER who falsely accused plaintiff and thus caused him to be illegally detaining and arrested, were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above.

116.    LIDIVINA INFANTE, MANAGER, ANTONIO LOPEZ-BOUNCER caused the malicious prosecution of plaintiff, through regularly issued process, criminal, with an intent to do harm without excuse or justification, and thus used this process in a perverted manner to obtain a collateral objective - payment of a bill.

117.    On March 10, 2013, defendants filed false and legally insufficient criminal complaints against the plaintiff herein.

118.    At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

119.    Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiff herein.

-17-

120.    As a result of the aforesaid malicious prosecution, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and sufferred extreme emotional distress, in an amount in excess of the jurisdictional limits of all lower courts.

## COUNT VIII: NEGLIGENT RETENTION, TRAINING AND HIRING - MIMOSA

121.    The allegations of paragraphs 1-120 are incorporated by reference herein as though fully set forth.

122.    MIMOSA was responsible for hiring staff including LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER (hereinafter referred to as "staff") who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

123.    The defendant MIMOSA was negligent, reckless, and careless in the hiring of their staff.

124.    The defendant  MIMOSA negligently failed to investigate and determine whether their staff were capable and competent.

125.    MIMOSA were responsible for retaining staff who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

126.    The defendant MIMOSA was negligent, reckless, and careless in the retaining of their staff, in that they knew or should have known based on information available to them that their staff were not competent or capable, and/or exhibited vicious propensities.

127.    The defendant MIMOSA negligently failed to investigate and determine whether their staff were capable and competent.

128.    MIMOSA was responsible for training staff to render them competent and

-18-

capable of properly carrying out their jobs without causing injury to persons including the plaintiff herein.

129. The defendant MIMOSA was negligent, reckless, and careless in the training of their staff, in that they failed to render such training would render the defendant security officers competent and capable, and/or ameliorate their vicious propensities.

130. The defendant MIMOSA negligently failed to train their staff and render them capable and competent.

131 As a result of the aforesaid negligence, LIDIVINA INFANTE, MANAGER, "JOHN DOE - BOUNCER were permitted to level false accusations at plaintiff, abuse legal process, to collect a paltry bill.

132. The plaintiff thereby sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdiction of all lower courts.

## COUNT IX. NEGLIGENT RETENTION, TRAINING AND HIRING - NYC

133. The allegations of paragraphs 1-132 are incorporated by reference herein as though fully set forth.

134. THE CITY and the NYPD were responsible for hiring police officers including the defendants PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

135. The defendant THE CITY and the NYPD were negligent, reckless, and careless in the hiring of PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT

136. The defendant THE CITY and the NYPD negligently failed to investigate and determine whether PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT were capable and competent.

137. THE CITY and the NYPD were responsible for retaining employees including PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

138. The defendant THE CITY and the NYPD were negligent, reckless, and careless in the retaining of PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT in that they knew or should have known based on information available to them that the defendant police officers were not competent or capable, and/or exhibited vicious propensities.

139. The defendant THE CITY and the NYPD negligently failed to investigate and determine whether PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT were capable and competent.

140. THE CITY and the NYPD were responsible for training employees, including PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT to render them competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

141. The defendant THE CITY and the NYPD were negligent, reckless, and careless in the training of PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG of the 34th PCT in that they failed to render such training would render the defendant police officers competent and capable, and/or ameliorate their vicious propensities.

142. The defendant THE CITY and the NYPD negligently failed to train PO "JOHN" FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, SGT GERALD LONG

of the 34th PCT and render the defendant police officers and account manager capable and competent.

143.    As a result of the aforesaid negligence, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdictional limits of all lower courts.

## COUNT X. NEGLIGENT RETENTION, TRAINING AND HIRING - VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC.

144.    The allegations of paragraphs 1-143 are incorporated by reference herein as though fully set forth.

145.    VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was responsible for hiring account managers, including the defendant ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

146.    The defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was negligent, reckless, and careless in the hiring of ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1

147.    The defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. negligently failed to investigate and determine whether ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 were capable and competent.

148.    VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was responsible for retaining employees including ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 who were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff

-21-

herein.

149. The defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was negligent, reckless, and careless in the retaining of ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 in that they knew or should have known based on information available to them that the defendant police officers were not competent or capable, and/or exhibited vicious propensities.

150. The defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. negligently failed to investigate and determine whether ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 was capable and competent.

151. VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was responsible for training employees, including ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 to render them competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

152. The defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. was negligent, reckless, and careless in the training of ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 in that they failed to render such training would render the defendant police officers competent and capable, and/or ameliorate their vicious propensities.

153. The defendant VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC. negligently failed to train ANTHONY HERNANDEZ, ACCOUNT MANAGER FOR WORKFORCE 1 and render the defendant account manager capable and competent.

154. As a result of the aforesaid negligence, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdictional

-22-

limits of all lower courts.

## COUNT XI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANT POLICE OFFICERS

155.   The allegations of paragraphs 1-154 are incorporated by reference herein as though fully set forth.

156   PO EDWIN FLOREZ, Badge No. 943244, PO YOWELL ROSARIO, PO " JAMES DOE" of the 34th PCT were working within the scope of employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and those actions were intentionally and/or recklessly performed.

157.   The defendants conduct jointly and severally was outrageous.

158.   The defendants joint and several conduct caused the plaintiff to suffer extreme emotional distress.

159.   As a result of the aforesaid intentional infliction of severe emotional distress, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and sufferred extreme emotional distress, in an amount exceeding the jurisdiction of all lower courts.

## COUNT XII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT MANAGER AND BOUNCER OF MIMOSA

160.   The allegations of paragraphs 1-159 are incorporated by reference herein as though fully set forth.

161.   LIDIVINA INFANTE, MANAGER, and ANTONIO LOPEZ-BOUNCER were working within the scope of employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 38-65 above, and those actions were intentionally and/or recklessly performed.

162.   The defendants conduct jointly and severally was outrageous.

-23-

163. The defendants joint and several conduct caused the plaintiff to suffer extreme emotional distress.

164. As a result of the aforesaid intentional infliction of severe emotional distress, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount exceeding the jurisdiction of all lower courts.

## COUNT XIII. NEGLIGENCE AGAINST DEFENDANT HERNANDEZ AND VOCATIONAL INSTRUCTION PROJECT COMMUNITY SERVICES, INC.

165. The allegations of paragraphs 1-164 are incorporated by reference herein as though fully set forth.

166. "Enrique Sanchez" was not a true customer but a fraud.

167. Defendant ANTHONY HERNANDEZ, ACCOUNT MANAGER, FOR WORKFORCE 1, failed to investigate this alleged customer, yet sent plaintiff to work with the alleged customer. With the result that plaintiff suffered harm at the hands of this fraud.

168. Defendant ANTHONY HERNANDEZ, ACCOUNT MANAGER, FOR WORKFORCE 1, had a duty to plaintiff properly investigate "Enrique Sanchez" and other potential clients to determine whether they are legitimate.

169. Defendant ANTHONY HERNANDEZ, ACCOUNT MANAGER, FOR WORKFORCE 1, breached his duty to plaintiff properly investigate "Enrique Sanchez" and other potential clients to determine whether they are legitimate.

170. As a result of this breach of duty plaintiff was harmed, and sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount exceeding the jurisdiction of all lower courts.

171. VOCATIONAL INSTRUCTION PROJECT COMMUNITY

SERVICES, INC. was ANTHONY HERNANDEZ, ACCOUNT MANAGER, FOR

WORKFORCE 1's employer, abd as such is and was vicariously liable for his actions.

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally, in in an amount exceeding the jurisdiction of all lower courts
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in in an amount exceeding the jurisdiction of all lower courts
e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
April 11, 2014

JOHN P. GRILL (Grill9446)
LAW OFFICE OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(845) 225-9587